IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-208-BO

| | | |
|---|---|---|
| LOGAN ALEXIS BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 22]. A hearing was held on these matters before the undersigned on May 29, 2020, at Raleigh, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for benefits on November 15, 2012, and alleged a disability onset date of April 9, 2003. After initial denials, an Administrative Law Judge (ALJ) held a hearing on July 8, 2015. The ALJ found that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel for the Commissioner appeared via videoconference.

The Commissioner agreed to remand for further fact finding, including a new hearing, and the case was remanded by this Court on August 2, 2017. *See Batchelor v. Berryhill*, No. 5:17-CV-63-BO (E.D.N.C.). On December 5, 2017, a different ALJ presided over a second hearing and issued an unfavorable decision on March 28, 2018. The Appeals Council again denied plaintiff's request for review on March 15, 2019, and this appeal timely followed.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since her amended onset date of December 15, 2012, the ALJ found that plaintiff had severe impairments, specifically type I diabetes with ketoacidosis, mild deformity of the right humerus and tendonitis of the right shoulder, bipolar disorder, anxiety, posttraumatic stress disorder, and borderline personality disorder, but that they did not meet or medically equal the severity of one of the

listed impairments. The ALJ found that plaintiff could perform medium work with exertional and nonexertional limitations. Plaintiff had no past relevant work, and the ALJ found at step five that jobs existed in the national economy that plaintiff could perform, including laundry worker, industrial cleaner, and warehouse worker. The ALJ thus concluded that plaintiff was not disabled as of the date of his decision.

Plaintiff challenges the ALJ's RFC finding as unsupported, arguing first that plaintiff is unable to perform the demands of unskilled work because she would have extreme difficulty dealing with changes in a routine work setting, she cannot respond to typical work stress, and she is unable to perform even simple tasks required by unskilled occupations. The ALJ limited plaintiff to simple, routine, repetitive tasks; noted her ability to concentrate for two-hour increments with normal rest breaks; limited her to no contact with the public and only limited contact with co-workers and supervisors; and required that plaintiff not perform work at a production rate or any job that requires complex decision making, constant change, or dealing with crisis situations. The ALJ based his findings on plaintiff's own reports of experiencing exacerbations in her symptoms based on situational stressors, such as being the victim of a robbery, as well as evidence submitted after the prior decision which illustrated improvement in her conditions.

In determining her functional abilities, the ALJ relied on three consultative examiners who found plaintiff's memory, attention, and concentration to be generally intact. The ALJ assigned each partial weight because he found the record supported additional limitations. The ALJ also considered plaintiff's own statement about her symptoms, including her claims of social anxiety, difficulty focusing, anxiety attacks and headaches, but determined that they

4

conflicted with the record as a whole, and noted that plaintiff appeared to have responded to medication adjustments when she complied with treatment and attended her appointments.

Plaintiff also argues that the RFC fails to sufficiently account for her limitations caused by her diabetes, specifically plaintiff's testimony about her fluctuating blood sugar, burning sensation in her feet, and headaches. The ALJ acknowledged that plaintiff's diabetes was severe as well as plaintiff's testimony that her diabetes was difficult to control. The ALJ also noted the record statements of physicians who indicated that plaintiff failed to follow a set schedule regarding her blood sugar checks and was unreceptive to making lifestyle changes to help manage her condition. The ALJ then relied on statements in the record which showed that, for example, as of October 2017, plaintiff was better controlling her diabetes. The ALJ concluded that with appropriate management plaintiff's diabetes would not prevent her from performing medium work.

At bottom, the ALJ considered all of the evidence in the record and thoroughly explained his reasoning behind the RFC imposed. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is DENIED and defendant's motion [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___4/___ day of June, 2020.

_(signed)_ Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE